# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS AGUIRRE PADILLA, | CASE NO. 1:11-cv-01033-SKO PC |
| Plaintiff, | FIRST SCREENING ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 |
| v. | |
| C.D.C.R. MEDICAL, | |
| Defendant. | (Doc. 1) |
| | THIRTY-DAY DEADLINE |

/

**First Screening Order**

**I.      Screening Requirement and Standard**

Plaintiff Carlos Aguirre Padilla, a former state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 21, 2011.  The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, __, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  While a plaintiff's

1   allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v.

2   Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation

3   omitted).

4         Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings

5   liberally construed and to have any doubt resolved in their favor, but the pleading standard is now

6   higher, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), and to survive

7   screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to

8   allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged,

9   Iqbal, 556 U.S. at __, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. U.S. Secret Service, 572

10  F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not

11  sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal,

12  556 U.S. at __, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

13  **II.      Plaintiff's Eighth Amendment Claim**

14        Plaintiff, who is now out of custody, brings this suit against the medical department at Avenal

15  State Prison (ASP).  Plaintiff alleges that he arrived at ASP on August 31, 2009, and he should have

16  been evaluated to determine whether he was susceptible to Valley Fever and if so, transferred

17  elsewhere.  Plaintiff alleges that he was never evaluated and he contracted Valley Fever on

18  September 17, 2010. Plaintiff alleges that he was hospitalized and he must be on medication for the

19  rest of his life for this terminal illness.

20        Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other

21  federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092

22  (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v.

23  Williams, 297 F.3d 930, 934 (9th Cir. 2002).  To state a claim, Plaintiff must demonstrate a link

24  between actions or omissions of each named defendant and the violation of his rights; there is no

25  *respondeat superior* liability under section 1983. Iqbal, 556 U.S. at __, 129 S.Ct. at 1949; Simmons

26  v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588

27  F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.

28  ///

1    The Eighth Amendment protects prisoners from inhumane methods of punishment and from

2   inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).

3   Extreme deprivations are required to make out a conditions of confinement claim, and only those

4   deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form

5   the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995

6   (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth

7   Amendment, a plaintiff must allege facts sufficient to support a claim that prison officials knew of

8   and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer v. Brennan, 511 U.S.

9   825, 847, 114 S.Ct. 1970 (1994); Thomas v. Ponder, 611 F.3d 1144, 1151-52 (9th Cir. 2010); Foster

10  v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir.

11  1998).

12    Plaintiff's complaint neither identifies a risk to his health or safety which was, objectively,

13  sufficiently serious to support a claim nor links any staff members to actions or omissions which

14  suggest deliberate indifference toward his health or safety. Accordingly, Plaintiff fails to state a

15  claim for relief under section 1983 for violation of the Eighth Amendment. Plaintiff will be

16  permitted to amend.

17  **III.    Conclusion and Order**

18    Plaintiff's complaint fails to state a claim under section 1983. The Court will provide

19  Plaintiff with the opportunity to file an amended complaint, if he believes in good faith he can cure

20  the deficiencies identified above. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v.

21  Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by

22  adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th

23  Cir. 2007).

24    Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what

25  each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556

26  U.S. at __, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be

27  [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555

28  (citations omitted).

1    Finally, an amended complaint supercedes the prior complaint, <u>Forsyth v. Humana, Inc.</u>, 114

2    F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987), and it must be

3    "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

4    Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an

5    amended complaint are waived."  <u>King</u>, 814 F.2d at 567 (citing to <u>London v. Coopers & Lybrand</u>,

6    644 F.2d 811, 814 (9th Cir. 1981)); <u>accord</u> <u>Forsyth</u>, 114 F.3d at 1474.

7    Based on the foregoing, it is HEREBY ORDERED that:

8    1.    The Clerk's Office shall send Plaintiff a complaint form;

9    2.    Plaintiff's complaint is dismissed for failure to state a claim upon which relief may

10        be granted under section 1983;

11    3.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an

12        amended complaint; and

13    4.    If Plaintiff fails to file an amended complaint in compliance with this order, this

14        action will be dismissed, with prejudice, for failure to state a claim under section

15        1983.

16

17    IT IS SO ORDERED.

18    **Dated:    March 29, 2012**                         /s/ Sheila K. Oberto
                                          UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28

4